[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10794
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00485-VMC-TGW-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE LAVON JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Maurice Lavon Johnson appeals his 48-month, below-range sentence after a jury convicted him of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Johnson contends the district court clearly erred in holding him accountable for 400 pounds of marijuana.  Johnson concedes his involvement in an October 21, 2010 drug transaction, but maintains that its object was the purchase of only 100 pounds of marijuana.

A district court's determination of drug quantity used to establish a defendant's base offense level under the Sentencing Guidelines is reviewed for clear error.  *United States v. Lawrence*, 47 F.3d 1559, 1565 (11th Cir. 1995).  The government has the burden of establishing its contention with respect to drug quantity by a preponderance of the evidence.  *Id.* at 1566.  The Guidelines provide that, "in the case of a jointly undertaken criminal activity," a defendant is accountable for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook."  U.S.S.G. § 1B1.3, cmt. n.2.  Accordingly, even if a drug-conspiracy defendant was not party to any transaction negotiations—indeed, even if he did not know the type or quantity of drugs involved—he may be held accountable for the amount of drugs falling within the scope of the conspiracy.  *See United States v. Alvarez-Coria*,

2

447 F.3d 1340, 1344 (11th Cir. 2006) ("The fact that [the defendant] did not know the type or quantity of drugs did not preclude the district court from attributing the drugs to him for sentencing purposes.").

The district court did not clearly err in calculating the drug quantity attributable to Johnson.   At trial, the individual who brokered the drug deal testified that it involved 400 pounds of marijuana, and the undercover agent corroborated that account.  In addition, the purchaser testified that he brought $70,000 with him to consummate the deal—enough funds to purchase 100 pounds of marijuana—but also testified that he had contemplated and discussed the possibility of purchasing 300 to 400 pounds.  Finally, the undercover agent's testimony revealed that on the day of the transaction both he and a confidential informant communicated to Johnson that the deal involved 400 pounds of marijuana.  Crediting this testimony, the district court could reasonably infer that the scope of the October 21 transaction involved 400 pounds of marijuana, and further, that Johnson was apprised of as much.  Accordingly, we affirm.

**AFFIRMED.**